Argued and submitted December 22, 2010, affirmed August 31, 2011, petition for review denied February 2, 2012 (351 Or 545)

Dea Isis FERGUSON,
a minor,
by and through her mother and Guardian ad litem,
Teri Ferguson;
Teri Ferguson;
and Shaun Ferguson,
*Plaintiffs-Appellants,*

*v.*

PEACEHEALTH,
a not-for-profit corporation incorporated
in the State of Washington,
*Defendant-Respondent,*

*and*

Suzanne SCARBERRY,
Lori Ellis, Kevin Johnson,
and John Does 1 and 2,
*Defendants.*

Lane County Circuit Court
160713736; A142083

263 P3d 1037

Marianne Dugan argued the cause and filed the briefs for appellants.

Bradley F. Piscadlo argued the cause for respondent. With him on the brief were Jeffrey R. Street and Hodgkinson Street, LLC.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiffs are Teri Ferguson (mother), Shaun Ferguson (father), and Dea Ferguson (daughter).[1] They appeal an adverse judgment entered on their claims that defendant PeaceHealth was negligent in various respects relating to the issuance of prescription medication that caused injuries to Dea. Plaintiffs assign error to, among other things, the trial court's summary imposition of a contempt sanction against Teri for violating a "gag order" by posting certain trial-related comments to a website.[2] Plaintiffs argue that (1) the comments did not fall within the court's order prohibiting contact with the "press," (2) Teri did not act willfully, as is required for a finding of contempt, and (3) in any event, the trial court did not follow the statutory procedures for imposing sanctions for contempt of court. *See* ORS 33.015 - 33.155 (establishing procedures governing the exercise of a court's contempt powers). We conclude that, because the trial court's order imposing a contempt sanction was not reduced to a judgment, it is not properly before us on appeal. Accordingly, we do not address the merits of the contempt sanction but otherwise affirm.

Plaintiffs brought suit against PeaceHealth after Dea experienced adverse medical effects from the use of a medication prescribed to alleviate diaper rash. Plaintiffs alleged claims for negligence and spoliation of medical records. The trial court granted partial summary judgment on the spoliation claim, but the negligence claims proceeded to trial. At the beginning of trial, in response to press coverage of the case, defense counsel raised concerns that "it would be inappropriate for the parties to be contacting the press during the trial because of the risk of tainting the jury with something that's not being said here in the courtroom." Consequently, the trial court orally ordered the parties to abstain from communicating with the press: "[Y]ou are not to have any contact or initiate any contact * * * during the course of this trial in order to ensure that the jury is able to make a

---

[1] For ease of reference, we subsequently refer to individual plaintiffs by their first names.

[2] We reject plaintiffs' remaining assignments of error without discussion.

decision based upon what occurs in this courtroom as opposed to what occurs outside of the courtroom."

Subsequently, during trial, defense counsel brought to the court's attention a possible violation of the order: Teri had, apparently, posted a comment to a blog in response to a third party's comment about the case. According to defendant, Teri's comment was:

"I am the mother of the child this claim is about and as much as I would love to just spill all the facts out right here and now, I have been asked by the judge to not discuss it with anyone and so for now, that will be the case. However, the day this trial is over and we have either won or lost, you can count on the fact that I will show [the third party commenter] what an ass he has made out of himself for making these statements when he clearly doesn't know the facts but for now my lips are sealed."

Defendant moved the court to take action in one of three ways: dismiss the case with prejudice, instruct the jury that plaintiffs had violated the court's order, or impose "an appropriate monetary sanction against Ms. Teri Ferguson herself personally."

Plaintiffs' counsel argued that her client's comment did not constitute contact with "the media" and that, in any event, she did not violate the court's order, "at least not knowingly." The court nonetheless determined that Teri was "in contempt of court for violating this clear and direct order not to discuss the case." The court declined to dismiss the case or instruct the jury on the matter, but summarily imposed a $1,000 fine as a sanction for "the contempt of court that was done in the court's presence, basically, since the court entered this order[.] * * * At this point, the court expects it to be paid before this case goes to the jury." The court then took a recess to allow Teri to pay the fine to the court clerk before proceeding, which she did.

Ultimately, the jury returned a verdict in favor of defendant and the court entered a general judgment on the verdict. The general judgment contained no reference to the contempt sanction; nor was a separate judgment of contempt entered. Plaintiffs, in an omnibus motion, sought a judgment notwithstanding the verdict or a new trial. Among other

things, they challenged the imposition of the contempt sanction. In addition to elaborating on their arguments from trial, plaintiffs argued that the trial court erred in imposing a punitive sanction without providing the procedural safeguards required by ORS 33.065. The motion was deemed denied by operation of law, *see* ORCP 63 D(1) (motion deemed denied if not ruled upon within 55 days), and plaintiffs appealed.

On appeal, plaintiffs renew their arguments from below. However, we do not reach plaintiffs' contentions about the contempt sanction in this case. An appeal from a sanction for contempt must be predicated upon a judgment of contempt. ORS 33.125(1) provides that the "imposition of a sanction for contempt *shall be by a judgment*." (Emphasis added.) *See also* ORS 33.125(4) (contemplating separate appeal from a contempt judgment).[3] The contempt sanction was not included in the judgment under review. Consequently, the legality of that sanction is not before us.

Contempt sanctions are either remedial or punitive in character. *See* ORS 33.015(3) (defining "punitive sanction" as "a sanction imposed to punish a past contempt of court"); ORS 33.015(4) (defining "remedial sanction" as "a sanction imposed to terminate a continuing contempt of court or to compensate for injury, damage or costs resulting from a past or continuing contempt of court"). *See also* ORS 33.045(3) (defining a fine imposed for contempt as "[p]unitive if it is for a past contempt" and as "remedial" if the fine "is for continuing contempt and the fine accumulates until the defendant complies with the court's judgment or order or if the fine may be partially or entirely forgiven when the defendant complies with the court's judgment or order"). In the case of a remedial sanction for contempt, the judgment of contempt may be made part of the judgment in the proceeding to which the contempt is related. *See* ORS 33.125(3) (so providing). That is because a proceeding for a remedial sanction may be initiated

---

[3] We note at the outset that, although a court's power to impose a sanction for contempt "is an inherent judicial power," ORS 33.025, the legislature has imposed reasonable limitations on a court's exercise of that authority via ORS 33.015 to 33.155. *See State v. Walton,* 215 Or App 628, 631, 170 P3d 1122 (2007), *rev den,* 344 Or 671 (2008) (noting that "the legislature can impose limitations on the court's contempt power" (citing *State v. Moen,* 86 Or App 87, 91, 738 P2d 228 (1987))).

by a motion filed in the related proceeding. *See* ORS 33.055 (procedure for imposition of remedial sanction).

In the case of a punitive sanction for contempt, on the other hand, the judgment of contempt is separate from the judgment in any related proceeding. That is because a proceeding for a punitive sanction is usually initiated by a separate accusatory instrument, filed by a neutral third party such as the city or district attorney. *See* ORS 33.065 (procedure for imposition of punitive sanctions).[4]

Here, a punitive sanction was imposed against Teri for contempt of court. The trial court's order imposing that sanction was not reduced to a judgment. In the absence of a judgment, the issue is not properly before us. *Cf. State v. Burleson*, 342 Or 697, 702, 160 P3d 624 (2007) (noting that contempt sanction is not appealable until judgment is entered). Consequently, we express no opinion on the merits of plaintiffs' challenge to the contempt sanction. That challenge must await the entry of a judgment of contempt and any appeal therefrom.

Affirmed.

---

[4] Under ORS 33.096, a court may "summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. * * * The provisions of ORS 33.055 and 33.065 do not apply to summary imposition of sanctions under this section." Thus, the procedures for imposing a punitive sanction under ORS 33.065 do not apply where the sanction is imposed summarily for a contempt committed in the immediate view and presence of the court. Notwithstanding the trial court's statement to the contrary, the contempt in this case was committed outside of the presence of the court. We need not decide whether a summary contempt must be included in the related case judgment or in a separate judgment.